IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **GEORGE MAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                        ) | Case No. |
| ) | |
| **NCEP LLC,** ) | |
|    Serve R/Agt: ) | Div. No. |
|    C T Corporation System ) | |
|    208 So LaSalle St. Suite 814 ) | |
|    Chicago, IL 60604 ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

### INTRA-STATE CLASS ACTION PETITION

**COMES NOW** George May, by and through the undersigned, and asserts this cause of action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "FDCPA") and the Missouri Merchandising Practices Act (Chapter 407 R.S.Mo.) ("MMPA") against Defendant NCEP LLC and in support thereof states to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person currently residing in St. Louis County, Missouri.

2. Defendant NCEP LLC ("NCEP") is a foreign limited liability company with its principal office in Las Vegas, Nevada.

3. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another in Missouri and nationwide.

4. Defendant's conduct satisfies Missouri's long-arm statute, § 506.500 R.S.Mo., in that it has transacted business in the State of Missouri and made contracts in Missouri.

5.  This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution, Article V § 14.

6.  This Court has the statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k, § 407.025 R.S.Mo, and § 478.070 R.S.Mo.

7.  Venue is proper in St. Louis County, Missouri pursuant to § 508.010.2(4) R.S.Mo.

## FACTS

8.  On or about March 12, 2014, Plaintiff purchased a 2005 Chrysler Pacifica, bearing the vehicle identification number 2C8GF68405R461380 (hereinafter "the vehicle").

9.  Plaintiff financed the purchase of the vehicle via a retail installment contract, as that term is defined by section 365.020(1) R.S.Mo., which was assigned to Santander Consumer USA Inc. (hereinafter "Santander").

10. The Title to the vehicle reflected Plaintiff's name as owner and Santander as lienholder.

11. For approximately six months, Plaintiff timely tendered his full monthly payment to Santander, until Santander informed Plaintiff it would no longer accept payment because of Plaintiff's bankruptcy.

12. Plaintiff had filed for Chapter 7 bankruptcy protection, but had done so prior to purchasing the vehicle.

13. Plaintiff tried one more time to submit his timely monthly payment to Santander, but Santander again refused to accept Plaintiff's payment.

14. Plaintiff therefore stopped making payments on the vehicle and allowed the loan with Santander to go into default.

15. On or about September 9, 2016, Plaintiff's vehicle was repossessed.

16. Plaintiff immediately called Santander, which informed Plaintiff that the vehicle loan had been sold to Defendant, and provided Plaintiff with Defendant's telephone number.

17. Plaintiff had never entered into a contract with Defendant.

18. Plaintiff never agreed to arbitrate any disputes with Defendant.

19. Until Plaintiff's telephone call to Santander, Plaintiff had no notice that the vehicle loan had been assigned to Defendant.

20. Plaintiff was already in default when the vehicle loan was sold to Defendant by Santander.

21. Defendant has never been on the Title to the vehicle.

22. Defendant is a "sales finance company" as that term is defined 365.020 R.S.Mo.

23. Defendant failed to obtain a license to engage in the business of a sales finance company, in violation of section 365.030 R.S.Mo.

24. Defendant had no legal right to repossess the vehicle.

25. Plaintiff called Defendant on or about September 15, 2016.

26. The September 15, 2016 telephone call was the initial collection communication between Defendant NCA and Plaintiff.

27. During the September 15, 2016 telephone call, Plaintiff informed Defendant that he had never previously called Defendant or received any written correspondence from Defendant about the alleged debt.

28. Within five days of September 15, 2016 phone conversation, Defendant was required to send Plaintiff a written notice apprising him of his right to dispute and request verification of the debt, the name of the current creditor, and the alleged amount due.

Electronically Filed - St Louis County - January 17, 2017 - 03:49 PM

29. Defendant failed to send Plaintiff any written correspondence containing the requisite disclosures under 15 U.S.C. § 1692g(a).

30. Even if Defendant had a right to take possession of the vehicle, Defendant did not send Plaintiff a First Notice of Default, in violation of section 408.554 R.S.Mo.

31. Defendant did not send Plaintiff a Second Notice of Default, in violation of section 408.554 R.S.Mo.

32. Defendant was not authorized to repossess Plaintiff's vehicle "until twenty days after a notice of the borrower's right to cure is given," pursuant to section 408.555 R.S.Mo.

33. Prior to repossession, Defendant failed to send Plaintiff notice pursuant to section 301.215(2) R.S.Mo.

34. Subsequent to repossession of the vehicle, Defendant failed to send a "Notice of Our Plan to Sell Property," in violation of Section 400.9-614 R.S.Mo and section 408.557 R.S.Mo.

35. Subsequent to repossession of the vehicle, Defendant also failed to send a "Notice of Sale of Collateral and Explanation of Deficiency," in violation of Section 400.9-616(a)(1)(B) and (c) R.S.Mo, section 400.9-610(b)m and section 408.556(3) R.S.Mo.

36. Despite failing to send the proper notices to entitle it to seek a deficiency balance, Defendant represented to Plaintiff that Plaintiff continued to owe money to Defendant for the vehicle.

## CLASS ALLEGATIONS

37. It is Defendant's routine practice to violate the FDCPA by (1) attempting to collect a debt arising from an alleged deficiency related to a motor vehicle without a license to engage in the business of a sales finance company, and (2) repossessing motor vehicles without being on the title.

38. This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules. The class consists of the following persons:

   a. All persons Defendant has on record as owing a consumer debt (1) where such person has a Missouri postal address and (2) where Defendant purchased a retail installment contract relating to a motor vehicle, (3) during the one-year period prior to the filing of Plaintiff's Petition (4) without a license to engage in the business of a sales finance company.

   b. All persons Defendant has on record as owing a consumer debt (1) where Defendant purchased a retail installment contract relating to a motor vehicle, and (2) repossessed said motor vehicle (3) during the one-year period prior to the filing of Plaintiff's Petition, (5) without submitting any documents to the Missouri Department of Revenue.

39. Members of the two classes are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high-volume debt collector that attempts to collect hundreds of debts in Missouri.

40. Upon information and belief, Defendant has engaged in the improper collection tactics described above with at least one hundred Missouri consumers.

41. Plaintiff is a member of the class he seeks to represent.

42. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

43. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.

Electronically Filed - St Louis County - January 17, 2017 - 03:49 PM

44. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of Defendant.

45. Plaintiff has no interest or relationship with Defendant that would prevent him from litigating this matter fully.

46. Plaintiff is aware that settlement of a class action is subject to court approval, and he will vigorously pursue the class claims throughout the course of this action.

47. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by Defendant.

48. Most, if not all, of the facts needed to determine liability and damages are obtainable from Defendant's records.

49. The purposes of the FDCPA will be best effectuated by a class action.

50. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

51. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

52. Many, if not all, class members are unaware that claims exist against Defendant. There will be no unusual difficulty in the management of this action as a class action.

53. Four common questions of law and fact predominate over all individual questions of the "sale finance company license" class. The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant sought to collect from class members constitute "consumer debt" under the FDCPA; (3) Defendant engaged in the

business of a sales finance company, as defined in Section 365.020(13) R.S.Mo., and (4) Defendant did so without a license as provided in Section 365.030 R.S.Mo.

54.  Four common questions of law and fact predominate over all individual questions of the "No Title" class. (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant sought to collect from class members constitute "consumer debt" under the FDCPA; (3) Defendant repossessed motor vehicles in the State of Missouri; and (4) Defendant did apply to be a lienholder on the Title to the motor vehicle.

55.  Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

56.  Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

57.  All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and for his cause of action in Count I against Defendant, respectfully states to the Court as follows:

37.  Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

38.  Plaintiff is a "consumer" as that term is defined by the FDCPA (15 U.S.C. § 1692a(3)).

39.  Defendant is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. § 1692a(6)).

Electronically Filed - St Louis County - January 17, 2017 - 03:49 PM

40. The alleged debt on the vehicle arises out of consumer, family, and/or household transactions.

41. Defendant has attempted to collect the alleged debt from Plaintiff within the previous twelve months.

42. In his attempts to collect the alleged debt from Plaintiff and the class members herein defined, Defendant has committed violations of the FDCPA including, but not limited to, the following:

    a. Falsely representing the character, amount, and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Threatening to take an action that cannot legally be taken, or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    c. Using false representation and/or deceptive means to attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10);

    d. Collecting a debt that is not permitted by law, in violation of 15 U.S.C. § 1692f(1);

    e. Taking nonjudicial action to effect dispossession of the vehicle without a right to possession, in violation of 15 U.S.C. § 1692f(6)(A); and,

43. Defendant also failed to provide written notice of dispute and verification rights within five days of the initial collection communication, in violation of 15 U.S.C. § 1692g(a).

44. Plaintiff will not pursue Defendant's violation of 15 U.S.C. § 1692g(a) in the event no class is certified.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

Electronically Filed - St Louis County - January 17, 2017 - 03:49 PM

Electronically Filed - St Louis County - January 17, 2017 - 03:49 PM

A.  Judgment that Defendant's conduct violated the FDCPA;

B.  Damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

C.  For such other relief as the Court may deem just and proper.

## COUNT II
## MISSOURI MERCHANDISING PRACTICES ACT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and for his cause of action in Count II against Defendant respectfully states to the Court as follows:

45. Plaintiff re-alleges and incorporates by reference the foregoing allegations.

46. Plaintiff will only pursue the an MMPA cause of action in the event that no class is certified.

47. Plaintiff is a "Person," as defined by § 407.010(5) R.S.Mo.

48. Defendant is a "Person" as defined by § 407.010(5) R.S.Mo.

49. Plaintiff's purchase and financing of the vehicle is a "Sale" or is in connection with a "Sale" as defined by § 407.010(6) and § 407.020 R.S.Mo.

50. Plaintiff purchased the vehicle primarily for personal, family, or household purposes.

51. In connection with said transaction, Defendant committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.

52. Defendant's repossession of Plaintiff's vehicle constitutes an unfair practice because Defendant had no legal right to do so and Plaintiff never received any notice of default or any notice of his right to cure.

53. Defendant's collection activities, as described herein, are also in connection with the sale of the vehicle and thereby constitute violations of § 407.020 R.S.Mo.

54. A violation of any state or federal statute constitutes an "unfair practice," pursuant to 15 C.S.R. 60-8.020.

55. As a direct and proximate result of Defendant's violations of § 407.020 R.S.Mo., Plaintiff has suffered an ascertainable loss of money and/or property, and seeks relief pursuant to § 407.025 R.S.Mo.

56. Pursuant to § 407.025 R.S.Mo., Plaintiff seeks attorney's fees.

**WHEREFORE**, Plaintiff respectfully demands damages that will fairly and justly compensate Plaintiff, together with his costs and attorney's fees herein incurred and expended and for such further and additional relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

BRODY & CORNWELL

/s/ Bryan E. Brody
BRYAN E. BRODY #57580
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068
Fax:    (314) 228-0338
Bryan.E.Brody@gmail.com
*Attorneys for Plaintiff*